March 27, 2009

The Honorable Pete Gallego                  Opinion No. GA-0701
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives              Re: Whether a justice of the peace is authorized to
Post Office Box 2910                        hear truancy cases involving students who are
Austin, Texas 78768-2910                    enrolled in a district that is located outside the
                                            boundaries of the justice's precinct (RQ-0748-GA)

Dear Representative Gallego:

You have requested that we answer the question submitted by your colleague, Representative Aaron Peña, former chair of the Committee on Criminal Jurisprudence. We were asked whether a justice of the peace is authorized to hear truancy cases involving students who are enrolled in a school district located outside the boundaries of the justice's precinct.[1]

Section 25.085 of the Education Code provides that "[u]nless specifically exempted by Section 25.086, a child who is at least six years of age, or who is younger than six years of age and has previously been enrolled in first grade, and who has not yet reached the child's 18th birthday shall attend school." TEX. EDUC. CODE ANN. § 25.085(b) (Vernon Supp. 2008). Another portion of the Education Code declares that:

> (a)  An individual commits an offense if the individual:
>
> (1)  is required to attend school under Section 25.085; and
>
> (2)  fails to attend school on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period.

*Id.* § 25.094(a) (Vernon 2006). That section also prescribes the courts in which the offense of failure to attend school under section 25.094(a) may be prosecuted, including "the constitutional county court of the county in which the individual resides or in which the school is located, if the county has a population of two million or more," and "a municipal court in the municipality in which the individual resides or in which the school is located." *Id.* § 25.094(b)(1), (3).

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

The offense of failure to attend school under section 25.094 may also be prosecuted in "a justice court of *any precinct in the county* in which the individual resides or in which the school is located." *Id.* § 25.094(b)(2) (emphasis added). It is well established that, if a "statute's language is unambiguous, its plain meaning will prevail." *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). The language of section 25.094(b)(2) is clear and unambiguous. The jurisdiction of a justice court in truancy matters is not dependent upon the location of the school district. Rather, it is premised upon the location of the residence of the alleged truant and the location of the particular *school*. The jurisdiction of a justice court in truancy matters is not limited to the particular precinct in which a justice presides, but instead encompasses the entire county. As a result, an offense for failure to attend school may be brought before a justice court of *any* precinct of a county in which the alleged truant resides or in which his particular school is located.

## S U M M A R Y

An offense for failure to attend school under section 25.094(a) of the Education Code may be prosecuted in a justice court of any precinct in the county in which the alleged truant resides or in which his school is located.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee